**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| AMANDA JANE MILLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **CIVIL ACTION NO. 2:07cv430-TFM** |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Following administrative denial of her applications for supplemental security income benefits under Title XVI of the Social Security Act ("the Act"), 42 U.S.C. §§ 1381 *et seq.*, Amanda Jane Miller ("Miller") received a requested hearing before an administrative law judge ("ALJ") who rendered an unfavorable decision.   When the Appeals Council rejected review, the ALJ's decision became the final decision of the Commissioner of Social Security ("Commissioner").   Judicial review proceeds pursuant to 42 U.S.C. §§ 405(g) , 1383(c)(3), and 28 U.S.C. § 636 (c), and for reasons herein explained,  the court AFFIRMS THE COMMISSIONER'S decision.

## I.   STANDARD OF REVIEW

Judicial review of the Commissioner's decision to deny benefits is limited.    The court cannot conduct a *de novo* review or substitute its own judgment for that of the Commissioner. *Walden v. Schweiker*, 672 F.2d 835 (11th Cir. 1982). This court must find the

Commissioner's decision conclusive "if it is supported by substantial evidence and the correct legal standards were applied." *Kelley v. Apfel*, 185 F. 3d 1211, 1213 (11th Cir. 1999), citing *Graham v. Apfel*, 129 F. 3d 1420, 1422 (11th Cir. 1997).

Substantial evidence is more than a scintilla — i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995), citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

If the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the court would have reached a contrary result as finder of fact, and even if the court finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991).  The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560.

 The district court will reverse a Commissioner's decision on plenary review if the decision applies incorrect law, or if the decision fails to provide the district court with sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Department of Health and Human Services*, 21 F.3d 1064, 1066 (11th Cir. 1994).

## II.  ADMINISTRATIVE FINDINGS

Miller, age 37 at the time of the hearing, has a sixth grade education.  Miller's only past employment was as a dishwasher for two weeks during 1985.  She did not engage in

substantial gainful work activity at any time relevant to her application period.  Her disability application documents claim she became disabled on January 1, 2003 due to nerve problems, high blood pressure, and bronchitis.  The ALJ found Miller was severely impaired by anxiety disorder, hypertension, bronchitis, and borderline intellectual functioning.  The record did not contain any opinion by any treating or examining source or medical expert which stated Miller was unable to work, and the ALJ concluded she did not have any impairment or combination of impairments that meet or equal in severity any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  The ALJ found Miller had the residual functional capacity (RFC) to perform medium exertional level work with moderate mental restrictions.  Although Miller did not have any past relevant work, the ALJ determined she could perform other work in the economy and was not disabled under the Act.

## III.  ISSUE

Miller specifies a single issue for judicial review:[1]

> Whether the ALJ erred as a matter of law by concluding Miller was capable of performing work in the national economy.

## IV.  DISCUSSION

### The ALJ Did Nor Err In Finding Miller Was Able To Perform Work In The National Economy, As His Decision Encompassed Miller's Credibly Established

---

[1]*See* Plaintiff's Brief ("Pl. Br.") at 6 (Doc. #11, filed September 28, 2007) *and* Order filed May 23, 2007 (Doc. #2) (directing Plaintiff to submit a brief in support of claim(s) and to include in that brief a section titled "Statement of the Issues" which "shall state in a concise, and specific manner each issue which the plaintiff presents to the court for resolution").

**Limitations and Impairments.**

_____Miller's appeal asserts the ALJ erred by finding her able to work despite her testimony of functional limitations and restrictions caused by her anxiety disorder.  The Commissioner responds the ALJ did not err because the record in Miller's case did not credibly establish the limitations and restrictions.  The Court agrees the ALJ adequately explained his decision not to credit Miller's claim of debilitating anxiety.

A person who applies for Social Security disability benefits must prove her disability. _See_ 20 C.F.R. § 404.1512.  In addition to having the burden of proving disability, a claimant is responsible for producing evidence in support.  _Ellison v. Barnhart_, 355 F.3d 1272, 1276 (11th Cir. 2003).  Miller claims her repeated visits to an emergency room for anxiety attacks are uncontroverted evidence of the debilitating nature of her condition.[2]  Her repeated emergency room visits for anxiety attacks were never followed by regular treatment, as suggested by the emergency room records.[3]  Miller claims mental health treatment was unaffordable, but the medical expert explained Miller could have received treatment at nominal cost.[4]  Miller cites a diagnosis from Dr. W.G. Brantley of generalized anxiety disorder, but Dr. Brantley specifically stated her condition did not present "features of

_____

[2]Pl. Br. at 7.

[3]R. at 194.

[4]R. at 280, 289.

4

debilitating anxiety or depression."[5]  Dr. Brantley also noted Miller had not been to a psychiatrist or mental health center, and believed a neurological examination was warranted.[6]Gloria Roque, Ph.D., completed a Psychiatric Review Technique which diagnosed anxiety-related disorder, with moderate functional limitations, and no episodes of decompensation.[7]  Dr. Roque found Miller's anxiety disorder and borderline intellectual functioning did not "prevent work activities."[8]

The ALJ's decision stated Miller's "medically determinable impairments could reasonably be expected" to produce the alleged symptom's but her testimony regarding the intensity, persistence and limitations therefrom were not entirely credible.[9]  The ALJ supported his conclusion by summarizing Miller's history of treatment for various conditions, and noting expert testimony concerning the record.[10]  Dr. Doug McKeown, medical expert, testified during Miller's administrative hearing that "the record is very limited in terms of actual treatment with regard to mental health-related issues."  McKeown noted a lack of record evidence showing "any regular ongoing treatment" for Miller's mental

---

[5]R. at 115, 116.

[6]R. at 117.

[7]R. at 123, 128.

[8]R. at 130.

[9]R. at 16.

[10]R. at 16-18, 18.

health care.[11]  Dr. McKeown explained to the ALJ that Miller's prescriptions for Xanax and Vistaril were for minimal doses which would not interfere with her cognitive functioning.[12] The ALJ highlighted inconsistencies in Miller's testimony and claims as to the effects of her anxiety.[13]  Finally, the ALJ noted the record contained "no mental health treatment records or referrals."  This absence of treatment was appropriately considered by the ALJ when reviewing whether Miller had produced evidence in support of her disability claim.  *Ellison*, 355 F.3d at 1276.

Given this factual background, Miller's claim the ALJ errred when he found her able to work is not supported by the transcript from the administrative hearing.  The first hypothetical asked the VE to assume an individual with Miller's vocational profile, with limitations established in the file.  The VE explained "the only place that gave any restrictions in the file that I saw was under Exhibit 6F.  There was both a psychiatric review technique and a mental residual functional capacity evaluation that indicated limitations in a non to moderate range."[14]  The VE concluded Miller could perform unskilled entry-level work, and listed kitchen helper, handpackager, and shirt presser as within Miller's ability.[15] The ALJ posed a second hypothetical which incorporated Miller's own description of her

_____

[11]R. at 289-290.

[12]R. at 290.

[13]R. at 18.

[14]R. at 294.

[15]R. at 294.

limitations and restrictions.  Under this scenario, the VE opined Miller's alleged panic attacks, hand shaking, and difficulty in concentration would prevent her from performing any job in the national economy.[16]

The Eleventh Circuit has noted that, where an ALJ finds it necessary to consult a vocational expert, the expert's testimony is only deemed substantial evidence where the ALJ posed a hypothetical question which included all of the claimant's impairments.  *Phillips v. Barnhart,* 357 F.3d 1232, 1240 n.7 (11th Cir. 2004) (citing *Jones v. Apfel,* 190 F.3d 1224, 1229 (11th Cir.1999).  Here, the first hypothetical posed by the ALJ correctly incorporated limitations consistent with Miller's credibly established limitations, as explained in his decision.[17]  The expert concluded that a person with her physical and mental abilities could perform work as a kitchen helper, handpackager, or shirt presser.[18]  Thus, substantial evidence supports the ALJ's finding that Miller could perform in these occupations. *Phillips, id.* at 1240.

## V.  CONCLUSION

Pursuant to the findings and conclusions detailed in this *Memorandum Opinion*, the court concludes that the ALJ's non-disability determination is supported by substantial evidence and proper application of the law.  It is, therefore, **ORDERED** that the decision of

---

[16]R. at 295.

[17]R. at 16-18.

[18]R. at 294.

the Commissioner is **AFFIRMED.**   A separate judgment is entered herewith.

   Done this 8th day of November, 2007.


                              /s/Terry F. Moorer
                              TERRY F. MOORER
                              UNITED STATES MAGISTRATE JUDGE